**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TORMU PRALL, Y76647,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**J.B. PRISKER,**<br>**LATOYA HUGHES,**<br>**MATTHEW PLUMMER,**<br>**VICTORIA L. KUHN,**<br><br>**Defendants.** | ) | **Case No. 26-cv-1312-DWD** |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Tormu Prall, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Docs. 1, 12)[1]. Plaintiff complains about his transfer from the New Jersey Department of Corrections to Menard, and he complains about the conditions of confinement at Menard. Plaintiff applied for *in forma pauperis* status, which was granted on September 22, 2026. Plaintiff's complaint is now technically before the Court for initial review under Section 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). However, upon reviewing the

[1] Plaintiff filed an amended complaint before the Court conducted an initial review and before any party was served in this matter. Thus, his amended complaint is accepted as a matter of right and it is the operative pleading that the Court substantively reviews in this Order.

Complaint, the Court has detected a more pressing issue—Plaintiff's eligibility for *in forma pauperis* status in light of his litigation history.

According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff indicated in his complaint that he had three strikes, but that he did not have information about which of his prior cases were classified as strikes. (Doc. 12 at 3). Court documents are public records, and the Court can take judicial notice of them, *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994), so the Court conducted a search of publicly available records on the Public Access to Court Electronic Records ("PACER") website. The PACER website reflected: *Prall v. Cococcia, et al.*, Case No. 11-cv-393 (D. Conn., dismissed May 4, 2011, failure to state a claim); *Prall v. Bush*, Case No. 10-cv-16 (D. R.I., dismissed March 1, 2010, failure to state a claim); *Prall v. Payton, et al.*, Case No. 01-cv-1990 (D. N.J., dismissed June 11, 2001, failure to state a claim); *Prall v. Consovoy*, Case No. 01-cv-1075 (D. N.J., dismissed March 21, 2001, failure to state a claim); *Prall v. New Jersey Dept. of Corr.*, Case No. 01-cv-18 (D. N.J., dismissed April 3, 2001, failure to state a claim); *Prall v. Whitman, et al.*, Case No. 00-cv-2718 (D. N.J., dismissed July 26, 2000, dismissed as frivolous).

In addition to these strikes, in May of 2012, a District Judge on the United States District Court for the Eastern District of Pennsylvania denied Plaintiff *in forma pauperis* status because he had three strikes under 28 U.S.C. § 1915(g). *Prall v. Court of Appeals, et al.*, Case No. 12-cv-2813 (E.D. Penn., dismissed May 31, 2012, struck out under § 1915(g)). In reaching the conclusion that Plaintiff was struck out, the Court acknowledged a statement by the Third Circuit Court of Appeals that Plaintiff had three strikes. *Prall v. Boccihini*, 421 Fed. App'x 143, 144 (3d. Cir. 2011).

Against this backdrop, it appears to be no mistake that Plaintiff indicated he has three strikes. Upon a review of all the available information, the Court finds that Plaintiff was "struck out" at the time he initiated this lawsuit. Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Having reviewed Plaintiff's Complaint, the Court concludes that he does not satisfy this requirement.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or

ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original complaint when determining whether Plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. Plaintiff's complaint has two major focuses. First, he faults Defendant Kuhn, the alleged Commissioner of the New Jersey Department of Corrections, for transferring him to IDOC custody in July of 2026 out of retaliation for his grievance and litigation activity. Second, he complains that the living conditions are deplorable at Menard and Defendants Hughes and Plummer will not or have not entertained his grievances on the issues with his conditions.

First as to the retaliatory transfer issue, this claim may be more properly brought in the United States District Court for the District of New Jersey because the allegations pertain solely to Defendant Kuhn, the Commissioner of the New Jersey Department of Corrections, who presumably lives, works, and made decisions relevant to this case in New Jersey. Even if the claim were properly brought in this district, there is not automatically a protected liberty interest in avoiding a prison transfer, or an interstate transfer. *See e.g.*, *Meachum v.Fano*, 427 U.S. 215, 225 (1976) ("[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated"); *Olim v. Wakinekoa*, 461 U.S. 238, 247-48 (1983) (an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself). There can sometimes be a claim if conditions at one prison are significantly worse than another such that they constitute an atypical

and significant hardship. *See e.g.*, *Sandin v. Conner*, 515 U.S. 472, 487 (1995). While Plaintiff certainly appears to be attempting to allege that his new conditions are atypical and significant, he does not say anything tending to indicate that Defendant Kuhn actually knew or intended this to be the case when the transfer was approved. The transfer is also a past event, and there is no indication that Kuhn has control over ongoing conditions. Plaintiff alleges that Kuhn still pays for him to be in IDOC custody, she has oversight of his security classification, and can provide legal opinions, but these things are not the same as controlling his daily living conditions. Additionally, he does not indicate he has ever alerted Kuhn to the conditions. As such, Plaintiff has not alleged a viable claim of imminent danger directly attributable to Kuhn's actions, and his allegations against her do not provide a premise to allow Plaintiff to proceed under the imminent danger exception to the three strikes rule.

Turning to Menard, and Defendants Hughes (IDOC Director) and Plummer (Menard Warden), Plaintiff complains of a filthy hot environment, limited access to personal hygiene supplies and showers, and limited out of cell time. Though there is no doubt that the conditions are less than ideal, Plaintiff has not clearly alleged an imminent danger of serious harm if the Court does not immediately entertain his complaint. He complains of muscle atrophy and cramps, as well as skin irritation, but the fleeting mentions of these issues are not enough to support the finding that Prall has alleged a serious imminent danger. He also complains about the heat, but this problem is not ongoing at present as temperatures have decreased significantly. Finally, Plaintiff complains that there are issues with the grievance process, but those also do not suggest

imminent danger. Based on the foregoing analysis, the Court finds it appropriate to revoke Plaintiff's IFP status.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status (see Docs. 2, 5, 6, 7) is **REVOKED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $405.00 for this action within twenty-one (21) days of the date of entry of this Order (on or before December 4, 2026). The $0.42 initial partial filing fee that the Court has received will be credited towards the $405 filing fee. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS SO ORDERED.**

Dated: November 13, 2026

DAVID W. DUGAN
United States District Judge